**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50691
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RONNIE LYNN MCQUEEN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(W-97-CR-020-2)

April 21, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronnie McQueen pleaded guilty to conspiracy to possess with intent to distribute somewhat over 300 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Though the sentencing guidelines prescribed a prison term of 46-57 months, the district court sentenced McQueen to the mandatory 120-month minimum sentence

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prescribed by § 841 for certain quantities of methamphetamine.[2]  On direct appeal, McQueen argues that his sentence must be vacated because (1) the "100 grams or more of methamphetamine" that trigger the statutory minimum sentence refer only to that quantity of pure methamphetamine, and (2) the district court did not make sufficient findings as to the purity of the methamphetamine attributable to him.  McQueen's argument is persuasive.  We therefore vacate his sentence and remand the cause to the district court for resentencing.

We have held that the "100 grams or more of methamphetamine" language of § 841(b)(1)(A)(viii) refers only to pure methamphetamine.[3]  We have further held that a district court may impose the statutory minimum sentence only if the government presents evidence from which it might be reasonably inferred that the total amount of methamphetamine attributable to a defendant "had a sufficient percentage of purity so as to contain at least 100 grams of pure methamphetamine."[4]

In the case at bar, the government did not adduce evidence sufficient to permit the district court to find, by a preponderance

---

[2] Section 841(b)(1)(A)(viii) provides that in cases "involving 100 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or one kilogram or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, [the defendant] shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."

[3] *United States v. Kinder*, 946 F.2d 362, 367-68 and n. 2 (5th Cir. 1991).

[4] *United States v. Myers*, No. 94-50423, slip op. at 4 (5th Cir. March 28, 1995) (unpublished).

of the evidence,[5] that the methamphetamine attributable to Cruz contained at least 100 grams of pure methamphetamine. The record merely demonstrated that Cruz and his coconspirators were distributing methamphetamine of high quality. Without more, we cannot agree with the government's contention that the district court properly inferred that the defendants distributed at least 100 grams of pure methamphetamine.[6]

We remand to the district court to permit the government to present evidence from which it might be reasonably inferred that the total amount of methamphetamine attributable to McQueen was sufficiently pure as to contain at least 100 grams of pure methamphetamine. Only if the government meets its burden may the district court reimpose the statutory minimum sentence of 120 months.

VACATED AND REMANDED.

---

[5] *United States v. Bogusz*, 43 F.3d 82, 87 (5th Cir. 1994).

[6] In fact, the district court incorrectly stated at McQueen's sentencing hearing that "purity is not relevant."